## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| Destiny Payne, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-01769 |
| | ) | |
| City of St. Louis, Vernon Betts, | ) | |
| Charlene Deeken, Kimberly | ) | |
| Gardner, Dale Glass, Thomas | ) | |
| Kloeppinger, Unknown Kratky, | ) | |
| Lyda Krewson, Aaron Levinson, | ) | JURY TRIAL DEMANDED |
| Unknown Supervisor, and | ) | |
| Unknown Manager, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Destiny Payne, by and through her attorney, brings this Petition for damages against Defendants City of St. Louis; Vernon Betts; Charlene Deeken; Kimberly Gardner; Dale Glass; Thomas Kloeppinger; Unknown Kratky; Lyda Krewson; Aaron Levinson; Unknown Supervisor; and Unknown Manager, and states to the Court as follows:

## PARTIES

1.     Plaintiff Destiny Payne is now and, at all times relevant to this lawsuit, was a resident of the City of St. Louis in Missouri.

2.     Defendant City of St. Louis is a municipal corporation in the State of Missouri.

1

3.    Defendant Vernon Betts is the Sheriff of the City of St. Louis. He is named in his individual capacity.

4.    Defendant Charlene Deeken is the Director of the Department of Public Safety of the City of St. Louis. She is named in her individual capacity.

5.    Defendant Kimberly Gardner is the Circuit Attorney of the City of St. Louis. She is named in her individual capacity.

6.    Defendant Dale Glass is the Commissioner of the Division of Corrections of the City of St. Louis. He is named in his individual capacity.

7.    Defendant Thomas Kloeppinger is the Circuit Clerk of the 22nd Judicial Circuit Court in the City of St. Louis. He is named in his individual capacity.

8.    Defendant Unknown Kratky is an employee of the Sheriff of the City of St. Louis. She is named in her individual capacity.

9.    Defendant Lyda Krewson is the Mayor of the City of St. Louis. She is named in her individual capacity.

10.   Defendant Aaron Levinson is an Assistant Circuit Attorney of the City of St. Louis. He is named in his individual capacity.

11.   Defendant Unknown Supervisor is the Supervisor of the St. Louis Minimum Security Institution. This Defendant is sued in the

Defendant's individual capacity.

12. Defendant Unknown Manager is the Manager of inmate releases at the St. Louis Minimum Security Institution. This Defendant is sued in the Defendant's individual capacity.

13. Defendants are now and, at all times relevant to this lawsuit, were residents or municipal entities of the State of Missouri.

## JURISDICTION AND VENUE

14. This lawsuit is a civil action arising under the Constitution of the United States of America and Missouri law.

15. The causes of action for this lawsuit arose in the City of St. Louis in Missouri, which is in the territorial jurisdiction of the Federal District Court of the Eastern District of Missouri.

16. The Federal District Court of the Eastern District of Missouri has original jurisdiction over the claims arising under the United States Constitution under 28 U.S.C. § 1331.

17. The Federal District Court of the Eastern District of Missouri has supplemental jurisdiction over the claim arising under Missouri law under 28 U.S.C. § 1367.

18. Venue is appropriate in the Federal District Court of the Eastern District of Missouri under 28 U.S.C. § 1391.

## FACTS

19.  On or around October 26, 2016, police officers with the St. Louis Metropolitan Police Department took Plaintiff to a police station.

20.  Plaintiff was 18 years old.

21.  Plaintiff cooperated with the St. Louis Metropolitan Police Department.

22.  Plaintiff was interrogated by police officers without having an attorney present with her.

23.  Police officers asked Plaintiff about an alleged robbery she had witnessed. Plaintiff answered the officers' questions, told them what she saw, and identified individuals she knew from photographs presented to her by the police.

24.  Although she cooperated, Plaintiff was arrested by the police officers.

25.  The City of St. Louis detained Plaintiff at the St. Louis City Medium Security Institution.

26.  Plaintiff was charged with a crime by Defendant Circuit Attorney Gardner and was indicted on January 5, 2017.

27.  On January 5, 2017, the Court set Plaintiff's bond at $40,000 cash.

28.  On January 18, 2017, the Court reduced Plaintiff's bond to

$40,000, with 10 percent cash.

29.    Because Plaintiff could not afford to post bond, she remained at
       the St. Louis Medium Security Institution for 196 days.

30.    On May 11, 2017, Defendant Assistant Circuit Attorney Levinson
       filed a Memorandum of Nolle Prosequi, dismissing the charge
       against Plaintiff.

31.    On May 12, 2017, the 22nd Judicial Circuit Court of the State of
       Missouri accepted the Memorandum of Nolle Prosequi.

32.    Although Plaintiff was no longer charged with a crime, Plaintiff
       remained in the St. Louis Medium Security Institution for an
       additional 15 days.

33.    Plaintiff was released from custody around 3:00 AM on May 26,
       2017.

34.    Upon Plaintiff's release, Defendants did not tell Plaintiff that she
       had been imprisoned for 15 days without any charges.

35.    On information and belief, Defendants Betts, Deeken, Glass,
       Kratky, Unknown Supervisor, and Unknown Manager have a
       responsibility to determine when people are supposed to be
       released from the custody of Defendant City of St. Louis and to
       provide for their immediate release.

36.    On information and belief, Defendants Gardner and Levinson

have a responsibility to communicate the dismissal of criminal charges to the 22nd Judicial Circuit Court and to those with direct custody over people incarcerated by the City of St. Louis to ensure the immediate release of innocent citizens.

37.     On information and belief, Defendant Kloeppinger has a responsibility to receive the dismissal of criminal charges sent to the 22nd Judicial Circuit Court and to communicate such dismissals to those with direct custody over people incarcerated by the City of St. Louis to ensure the immediate release of innocent citizens.

38.     On information and belief, Defendants have the responsibility to set policies, direct staff training, and establish patterns or practices of the City of St. Louis with respect to the incarceration and release of innocent citizens and people who have completed their sentences.

39.     On information and belief, Defendants knew that innocent citizens and people who have completed their sentences were wrongfully imprisoned in the City of St. Louis.

40.     On information and belief, Defendants knew that they had failed to establish effective release procedures to ensure that Plaintiff and other similarly situated innocent citizens and people who

6

had completed their sentences would not be wrongfully incarcerated.

41.    On information and belief, Defendants knew that they had failed to properly train staff to ensure that Plaintiff and other similarly situated innocent citizens and people who had completed their sentences would not be wrongfully incarcerated.

42.    On information and belief, Defendants knew that they had established a pattern or practice by which innocent citizens and people who had completed their sentences are wrongfully detained in St. Louis jails.

43.    Defendants' failure to establish effective release procedures caused Plaintiff to be wrongfully incarcerated.

44.    Defendants' failure to properly train staff caused Plaintiff to be wrongfully incarcerated.

45.    Defendants' establishment of a pattern or practice by which innocent citizens and people who have completed their sentences are wrongfully detained in City of St. Louis jails caused Plaintiff to be wrongfully incarcerated.

46.    Defendants' actions wrongfully deprived Plaintiff of her freedom.

47.    Defendants' actions caused Plaintiff severe emotional distress.

## <u>COUNT I: VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS TO BE FREE FROM UNREASONABLE SEIZURE UNDER 42 U.S.C. § 1983</u>

48.    Plaintiff incorporates by reference Paragraphs 1-47 of this Complaint as if fully set forth herein.

49.    Count I applies to Defendants Betts, Deeken, Gardner, Glass, Kloeppinger, Kratky, Levinson, Unknown Supervisor, and Unknown Manager, referred to as "Defendants" in Paragraphs 50-57.

50.    Plaintiff was incarcerated for 15 days after the criminal charge against her was dismissed.

51.    Plaintiff had already been incarcerated for 196 days when her criminal charge was dismissed.

52.    Defendants knew or should have known that Plaintiff was wrongfully imprisoned.

53.    Defendants failed to release Plaintiff from her imprisonment when her charge was dismissed.

54.    Defendants acted under color of state law.

55.    Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable seizure of her person.

56.   Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

57.   In addition to wrongfully depriving Plaintiff of her freedom, Defendants caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT II: VIOLATION OF PLAINTIFF'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS UNDER 42 U.S.C. § 1983

58.   Plaintiff incorporates by reference Paragraphs 1-47 of this Complaint as if fully set forth herein.

59.   Count II applies to Defendants Betts, Deeken, Gardner, Glass, Kloeppinger, Kratky, Levinson, Unknown Supervisor, and Unknown Manager, referred to as "Defendants" in Paragraphs 60-66.

60.   Plaintiff was incarcerated for 15 days after the criminal charge against her was dismissed.

61.   Plaintiff had already been incarcerated for 196 days when her criminal charge was dismissed.

62. Defendants knew or should have known that Plaintiff was wrongfully imprisoned.

63. Defendants failed to release Plaintiff from her imprisonment when her charge was dismissed.

64. Defendants acted under color of state law.

65. Defendants violated Plaintiff's Fifth and Fourteenth Amendment rights by depriving her of her freedom without due process of law.

66. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

67. In addition to wrongfully depriving Plaintiff of her freedom, Defendants caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT III: FALSE IMPRISONMENT UNDER MISSOURI STATE LAW

68. Plaintiff incorporates by reference Paragraphs 1-47 of this Complaint as if fully set forth herein.

69. Count III applies to Defendants Betts, Deeken, Gardner, Glass,

Kloeppinger, Kratky, Levinson, Unknown Supervisor, and Unknown Manager, referred to as "Defendants" in Paragraphs 70-75.

70.    Plaintiff was incarcerated for 15 days after the criminal charge against her was dismissed.

71.    Plaintiff had already been incarcerated for 196 days when her criminal charge was dismissed.

72.    Defendants knew or should have known that Plaintiff was wrongfully imprisoned.

73.    Defendants failed to release Plaintiff from her imprisonment when her charge was dismissed.

74.    Defendants had no legal justification to confine Plaintiff after her charge was dismissed.

75.    In addition to wrongfully depriving Plaintiff of her freedom, Defendants caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT IV: FAILURE TO ESTABLISH POLICY TO ENSURE CITIZENS WOULD NOT BE WRONGFULLY IMPRISONED UNDER 42 U.S.C. § 1983

76.     Plaintiff incorporates by reference Paragraphs 1-47 of this Complaint as if fully set forth herein.

77.     Count IV applies to all Defendants named in this Complaint.

78.     Plaintiff was incarcerated for 15 days after the criminal charge against her was dismissed.

79.     Plaintiff had already been incarcerated for 196 days when her criminal charge was dismissed.

80.     Defendants failed to release Plaintiff from her imprisonment when her charge was dismissed.

81.     Defendants acted under color of state law.

82.     Defendants failed to establish policies to ensure that Plaintiff and other similarly situated innocent citizens would be released from imprisonment when criminal charges were dismissed, and to ensure that people who have served their sentences are immediately released from imprisonment.

83.     Defendants' failure to establish effective policies caused the violation of Plaintiff's civil rights.

84.     Defendants acted with malicious, intentional, or reckless and

callous disregard for Plaintiff's civil rights.

85.     In addition to wrongfully depriving Plaintiff of her freedom,

Defendants caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount

that is fair and reasonable, including compensatory damages, punitive

damages to deter Defendants from acting similarly in the future, attorney's

fees and costs, and for such other and further relief as this Court deems just

and proper.

## COUNT V: FAILURE TO TRAIN STAFF TO ENSURE CITIZENS WOULD NOT BE WRONGFULLY IMPRISONED UNDER 42 U.S.C. § 1983

86.     Plaintiff incorporates by reference Paragraphs 1-47 of this

Complaint as if fully set forth herein.

87.     Count V applies to all Defendants named in this Complaint.

88.     Plaintiff was incarcerated for 15 days after the criminal charge

against her was dismissed.

89.     Plaintiff had already been incarcerated for 196 days when her

criminal charge was dismissed.

90.     Defendants failed to release Plaintiff from her imprisonment

when her charge was dismissed.

91.     Defendants acted under color of state law.

92.   Defendants failed to properly train staff members to ensure that Plaintiff and other similarly situated innocent citizens would be released from imprisonment when criminal charges were dismissed, and to ensure that people who have served their sentences are immediately released from imprisonment.

93.   Defendants' failure to properly train other staff members caused the violation of Plaintiff's civil rights.

94.   Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

95.   In addition to wrongfully depriving Plaintiff of her freedom, Defendants caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT VI: ESTABLISHMENT OF A PATTERN OR PRACTICE WHEREBY CITIZENS WOULD ARE WRONGFULLY IMPRISONED UNDER 42 U.S.C. § 1983

96.   Plaintiff incorporates by reference Paragraphs 1-47 of this Complaint as if fully set forth herein.

14

97.     Count VI applies to all Defendants.

98.     Plaintiff was incarcerated for 15 days after the criminal charge against her was dismissed.

99.     Plaintiff had already been incarcerated for 196 days when her criminal charge was dismissed.

100.    Defendants failed to release Plaintiff from her imprisonment when her charge was dismissed.

101.    Defendants acted under color of state law.

102.    Defendants have established a pattern or practice whereby Plaintiff and other similarly situated innocent citizens are kept imprisoned even when criminal charges are dismissed, and whereby people who have served their sentences are kept imprisoned.

103.    Defendants' establishment of this pattern or practice caused the violation of Plaintiff's civil rights.

104.    Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

105.    In addition to wrongfully depriving Plaintiff of her freedom, Defendants caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive

damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ *Elad Gross*
Elad Gross #67125MO
Attorney at Law
5653 Southwest Ave.
St. Louis, MO 63139
Phone:  (314) 753-9033
Email: Elad.J.Gross@gmail.com
*Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 22nd day of June, 2017, the foregoing was filed electronically with the Clerk of the Court to be served upon all parties by operation of the Court's electronic filing system.

<u>/s/ *Elad Gross*</u>
Elad Gross
Attorney at Law

17