## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| Destiny Payne, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-01769 |
| | ) | |
| City of St. Louis, Vernon Betts, | ) | |
| Charlene Deeken, Unknown | ) | |
| Fields, Kimberly Gardner, Dale | ) | |
| Glass, Thomas Kloeppinger, | ) | |
| Unknown Kratky, Lyda Krewson, | ) | |
| Aaron Levinson, Francis Slay, | ) | |
| Unknown Supervisor, and | ) | JURY TRIAL DEMANDED |
| Unknown Manager, | ) | |
| | ) | |
| Defendants. | ) | |

### FIRST AMENDED COMPLAINT

Plaintiff Destiny Payne, by and through her attorney, brings this Petition for damages against Defendants City of St. Louis; Vernon Betts; Charlene Deeken; Unknown Fields; Kimberly Gardner; Dale Glass; Thomas Kloeppinger; Unknown Kratky; Lyda Krewson; Aaron Levinson; Francis Slay; Unknown Supervisor; and Unknown Manager, and states to the Court as follows:

### PARTIES

1. Plaintiff Destiny Payne, at all times relevant to this lawsuit, was a resident of the City of St. Louis in Missouri.

2.      Defendant City of St. Louis is a municipal corporation in the State of Missouri.

3.      Defendant Vernon Betts is the Sheriff of the City of St. Louis. He is named in his individual capacity.

4.      Defendant Charlene Deeken is the Director of the Department of Public Safety of the City of St. Louis. She is named in her individual capacity.

5.      Defendant Unknown Fields is a supervisor of corrections officers at the St. Louis Medium Security Institution. He is named in his individual capacity.

6.      Defendant Kimberly Gardner is the Circuit Attorney of the City of St. Louis. She is named in her individual capacity.

7.      Defendant Dale Glass is the Commissioner of the Division of Corrections of the City of St. Louis. He is named in his individual capacity.

8.      Defendant Thomas Kloeppinger is the Circuit Clerk of the 22nd Judicial Circuit Court in the City of St. Louis. He is named in his individual capacity.

9.      Defendant Unknown Kratky is an employee of the Sheriff of the City of St. Louis. She is named in her individual capacity.

10.     Defendant Lyda Krewson is the Mayor of the City of St. Louis. She

is named in her individual capacity.

11. Defendant Aaron Levinson is an Assistant Circuit Attorney of the City of St. Louis. He is named in his individual capacity.

12. Defendant Francis Slay was the Mayor of the City of St. Louis until April 2017. He is named in his individual capacity.

13. Defendant Unknown Supervisor is the Supervisor of the St. Louis Medium Security Institution. This Defendant is sued in the Defendant's individual capacity.

14. Defendant Unknown Manager is the Manager of inmate releases at the St. Louis Medium Security Institution. This Defendant is sued in the Defendant's individual capacity.

15. Defendants are now and, at all times relevant to this lawsuit, were residents or municipal entities of the State of Missouri.

## JURISDICTION AND VENUE

16. This lawsuit is a civil action arising under the Constitution of the United States of America and Missouri law.

17. The causes of action for this lawsuit arose in the City of St. Louis in Missouri, which is in the territorial jurisdiction of the Federal District Court of the Eastern District of Missouri.

18. The Federal District Court of the Eastern District of Missouri has original jurisdiction over the claims arising under the United

States Constitution pursuant to 28 U.S.C. § 1331.

19.   The Federal District Court of the Eastern District of Missouri has
      supplemental jurisdiction over the claim arising under Missouri
      law pursuant to 28 U.S.C. § 1367.

20.   Venue is appropriate in the Federal District Court of the Eastern
      District of Missouri pursuant to 28 U.S.C. § 1391.

## FACTS

21.   On or around October 26, 2016, police officers with the St. Louis
      Metropolitan Police Department took Plaintiff Destiny Payne to a
      police station.

22.   Plaintiff was 18 years old.

23.   Plaintiff cooperated with the St. Louis Metropolitan Police
      Department.

24.   Plaintiff was interrogated by police officers without having an
      attorney present with her.

25.   Police officers asked Plaintiff about an alleged robbery she had
      witnessed. Plaintiff answered the officers' questions, told them
      what she saw, and identified individuals she knew from
      photographs presented to her by the police.

26.   Although she cooperated, Plaintiff was arrested by the police
      officers.

4

27. The City of St. Louis detained Plaintiff at the St. Louis City Medium Security Institution.

28. Plaintiff was charged with a crime by Defendant Circuit Attorney Gardner and was indicted on January 5, 2017.

29. On January 5, 2017, the Court set Plaintiff's bond at $40,000 cash.

30. On January 18, 2017, the Court reduced Plaintiff's bond to $40,000, with 10 percent cash.

31. Because Plaintiff could not afford to post bond, she remained at the St. Louis Medium Security Institution for 196 days prior to the criminal charge against her being dismissed.

32. On May 11, 2017, Defendant Assistant Circuit Attorney Levinson filed a Memorandum of Nolle Prosequi, dismissing the charge against Plaintiff.

33. On May 12, 2017, the 22nd Judicial Circuit Court of the State of Missouri accepted the Memorandum of Nolle Prosequi.

34. Although Plaintiff was no longer charged with a crime, Plaintiff remained in the St. Louis Medium Security Institution for an additional 15 days.

35. On or around May 24, 2017, Defendant Mayor Krewson visited the St. Louis Medium Security Institution.

36.   During Defendant Mayor Krewson's visit, at least two people wearing business suits who worked at the Medium Security Institution spoke with Mayor Krewson about the operation of the jail.

37.   During her visit, Defendant Mayor Krewson exercised direct supervisory control over the Medium Security Institution while Plaintiff was being unlawfully detained.

38.   On May 25, 2017, a supervisor at the Medium Security Institution saw Plaintiff still in detention and asked her, "You're still here?"

39.   At the time, Plaintiff had not been told that she was being unlawfully detained.

40.   On May 25, 2017, Defendant Kratky was informed that Plaintiff should have been released from custody when the charges against Plaintiff had been dropped.

41.   Upon hearing this information, Defendant Kratky stated, "Not this again."

42.   On May 25, 2017, Plaintiff saw two people in suits—both of whom had spoken to Defendant Mayor Krewson the day before— come to her cell. These people did not speak to Plaintiff, and they left when corrections officers ordered Plaintiff to leave her cell.

6

43.   On May 25, 2017, Plaintiff was transferred to the St. Louis City Justice Center.

44.   Plaintiff was released from custody around 3:00 AM on May 26, 2017.

45.   Upon Plaintiff's release, Defendants did not tell Plaintiff that she had been imprisoned for 15 days without any criminal charges against her.

46.   For the duration of Plaintiff's stay at the Medium Security Institution – including the 15 days during which she was unlawfully detained – Plaintiff was subjected to poor conditions of confinement.

47.   Plaintiff was verbally abused by Medium Security Institution staff.

48.   Plaintiff did not receive proper medical treatment for a dental condition.

49.   Plaintiff was forced to sleep in a mold-infested facility.

50.   Plaintiff was forced to reside in an institution with a bug infestation, with many of the bugs larger than cockroaches and easily observable.

51.   Plaintiff was subjected to quarantines due to the unsanitary state of the jail, including a quarantine for a lice outbreak during her

last several days of being unlawfully detained at the jail.

52.    Defendants Deeken, Fields, Glass, Mayor Krewson, Slay, Unknown Supervisor, and Unknown Manager have or had a responsibility to maintain safe conditions for people detained at the St. Louis City Medium Security Institution.

53.    Defendants Betts, Deeken, Fields, Glass, Kratky, Unknown Supervisor, and Unknown Manager have a responsibility to determine when people are supposed to be released from the custody of Defendant City of St. Louis and to provide for their immediate release.

54.    Defendants Gardner and Levinson have a responsibility to communicate the dismissal of criminal charges to the 22nd Judicial Circuit Court, to the St. Louis City Sheriff's Office, and to those with direct custody over people incarcerated by the City of St. Louis to ensure the immediate release of innocent citizens.

55.    Defendant Kloeppinger has a responsibility to receive the dismissal of criminal charges sent to the 22nd Judicial Circuit Court and to communicate such dismissals to those with direct custody over people incarcerated by the City of St. Louis to ensure the immediate release of innocent citizens.

56.    Defendants have or had the responsibility to set policies, direct

staff training, and establish patterns or practices of the City of
St. Louis with respect to the incarceration and release of innocent
citizens and people who have completed their sentences.

57. Aside from Plaintiff, other people residing in corrections
institutions in St. Louis City were unlawfully detained after
charges had been dropped against them, including other clients of
the Missouri State Public Defender System.

58. Defendants knew that innocent citizens and people who have
completed their sentences were wrongfully imprisoned in the City
of St. Louis.

59. Defendants knew that they had failed to establish effective
release procedures to ensure that Plaintiff and other similarly
situated innocent citizens and people who had completed their
sentences would not be wrongfully incarcerated.

60. Defendants knew that they had failed to properly train staff to
ensure that Plaintiff and other similarly situated innocent
citizens and people who had completed their sentences would not
be wrongfully incarcerated.

61. Defendants knew that they had established a pattern or practice
by which innocent citizens and people who had completed their
sentences are wrongfully detained in St. Louis jails.

62.     Defendants' failure to establish effective release procedures caused Plaintiff to be wrongfully incarcerated.

63.     Defendants' failure to properly train staff caused Plaintiff to be wrongfully incarcerated.

64.     Defendants' establishment of a pattern or practice by which innocent citizens and people who have completed their sentences are wrongfully detained in City of St. Louis jails caused Plaintiff to be wrongfully incarcerated.

65.     Defendants' actions wrongfully deprived Plaintiff of her freedom and due process.

66.     Defendants have or had the responsibility to set policies, direct staff training, and establish patterns or practices of the City of St. Louis with respect to the maintaining safe and sanitary conditions at the St. Louis Medium Security Institution and preventing pre-trial detainees from being punished.

67.     Defendants knew that the conditions at the St. Louis Medium Security Institution were unsafe and unsanitary, including the presence of mold and large bug infestations, the lack of adequate medical care, the prevalence of verbal abuse from security staff, and the frequent imposition of medical quarantines due to the unsanitary conditions of the facility.

10

68.     Defendants knew that they had failed to establish effective procedures to ensure that Plaintiff and other similarly situated pre-trial detainees would not be subjected to unsafe and unsanitary conditions and punishment.

69.     Defendants knew that they had failed to properly train staff to ensure that Plaintiff and other similarly situated pre-trial detainees would not be subjected to unsafe and unsanitary conditions and punishment.

70.     Defendants knew that they had established a pattern or practice by which pre-trial detainees are subjected to unsafe and unsanitary conditions and punishment.

71.     Defendants' failure to establish effective procedures to maintain safe and sanitary jail conditions caused Plaintiff to be subjected to punishment as a pre-trial detainee.

72.     Defendants' failure to properly train staff caused Plaintiff to be subjected to punishment as a pre-trial detainee.

73.     Defendants' establishment of a pattern or practice by which pre-trial detainees are subjected to unsafe and unsanitary jail conditions caused Plaintiff to be wrongfully punished.

74.     Defendants' actions wrongfully deprived Plaintiff of her right to be free from punishment as a pre-trial detainee.

75.   Defendants' actions caused Plaintiff physical harm.

76.   Defendants' actions caused Plaintiff severe emotional distress.

## COUNT I: VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS TO BE FREE FROM UNREASONABLE SEIZURE UNDER 42 U.S.C. § 1983

77.   Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

78.   Count I applies to Defendants Betts, Deeken, Fields, Gardner, Glass, Kloeppinger, Kratky, Krewson, Levinson, Unknown Supervisor, and Unknown Manager, referred to as "Defendants" in Paragraphs 79-88.

79.   Plaintiff was incarcerated for 15 days after the criminal charge against her was dismissed.

80.   Plaintiff had already been incarcerated for 196 days when her criminal charge was dismissed.

81.   Defendants knew or should have known that Plaintiff was wrongfully imprisoned.

82.   Defendants failed to release Plaintiff from her imprisonment when her charge was dismissed.

83.   Defendants were directly responsible for depriving Plaintiff of her freedom.

12

84.     Defendants acted under color of state law.

85.     Defendants violated Plaintiff's Fourth and Fourteenth
        Amendment rights to be free from unreasonable seizure of her
        person.

86.     Defendants acted with malicious, intentional, or reckless and
        callous disregard for Plaintiff's civil rights.

87.     In addition to wrongfully depriving Plaintiff of her freedom,
        Defendants caused Plaintiff physical harm.

88.     Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount
that is fair and reasonable, including compensatory damages, punitive
damages to deter Defendants from acting similarly in the future, attorney's
fees and costs, and for such other and further relief as this Court deems just
and proper.

## COUNT II: VIOLATION OF PLAINTIFF'S FIFTH AND FOURTEENTH
## AMENDMENT RIGHTS TO DUE PROCESS UNDER 42 U.S.C. § 1983

89.     Plaintiff incorporates by reference the preceding Paragraphs of
        this Complaint as if fully set forth herein.

90.     Count II applies to Defendants Betts, Deeken, Fields, Gardner,
        Glass, Kloeppinger, Kratky, Krewson, Levinson, Unknown
        Supervisor, and Unknown Manager, referred to as "Defendants"

in Paragraphs 91-100.

91.   Plaintiff was incarcerated for 15 days after the criminal charge
against her was dismissed.

92.   Plaintiff had already been incarcerated for 196 days when her
criminal charge was dismissed.

93.   Defendants knew or should have known that Plaintiff was
wrongfully imprisoned.

94.   Defendants failed to release Plaintiff from her imprisonment
when her charge was dismissed.

95.   Defendants were directly responsible for depriving Plaintiff of her
freedom.

96.   Defendants acted under color of state law.

97.   Defendants violated Plaintiff's Fifth and Fourteenth Amendment
rights by depriving her of her freedom without due process of law.

98.   Defendants acted with malicious, intentional, or reckless and
callous disregard for Plaintiff's civil rights.

99.   In addition to wrongfully depriving Plaintiff of her freedom,
Defendants caused Plaintiff physical harm.

100.   Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount
that is fair and reasonable, including compensatory damages, punitive

14

damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT III: VIOLATION OF PLAINTIFF'S FIFTH AND FOURTEENTH AMENDMENT RIGHTS TO SANITARY JAIL CONDITIONS AND TO BE FREE FROM PRE-TRIAL PUNISHMENT UNDER 42 U.S.C. § 1983

101.   Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

102.   Count III applies to Defendants Deeken, Fields, Krewson, Glass, Slay, Unknown Supervisor, and Unknown Manager, referred to as "Defendants" in Paragraphs 103-20.

103.   Plaintiff was incarcerated for several months at the St. Louis Medium Security Institution in 2016 and 2017.

104.   During her stay at the Medium Security Institution, Defendants subjected Plaintiff to continuous unsanitary conditions.

105.   Plaintiff was forced to stay in a mold-infested facility.

106.   Plaintiff was forced to stay in a bug-infested facility.

107.   Plaintiff was subjected to quarantines due to the unsanitary conditions of the Medium Security Institution.

108.   Plaintiff was forced to go without proper medical treatment for a

dental condition over an extended time.

109. Plaintiff's conditions of confinement were unsanitary.

110. Plaintiff's conditions of confinement posed a health and safety risk to Plaintiff.

111. Defendants knew about these unsanitary conditions at the Medium Security Institution.

112. Maintaining an unsanitary facility furthered no legitimate governmental purpose.

113. Maintaining an unsanitary facility amounted to impermissible punishment of Plaintiff, who was a pre-trial detainee.

114. Defendants failed to alleviate these unsanitary conditions of confinement during Plaintiff's stay at the Medium Security Institution.

115. Defendants were directly responsible for depriving Plaintiff of her right to be free from punishment.

116. Defendants acted under color of state law.

117. Defendants violated Plaintiff's Fifth and Fourteenth Amendment rights by subjecting her to unsanitary conditions for several months.

118. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

16

119.   In addition to wrongfully depriving Plaintiff of her right to be free
       from punishment, Defendants caused Plaintiff physical harm.

120.   Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount
that is fair and reasonable, including compensatory damages, punitive
damages to deter Defendants from acting similarly in the future, attorney's
fees and costs, and for such other and further relief as this Court deems just
and proper.

## COUNT IV: FALSE IMPRISONMENT UNDER MISSOURI
## STATE LAW

121.   Plaintiff incorporates by reference the preceding Paragraphs of
       this Complaint as if fully set forth herein.

122.   Count IV applies to Defendants Betts, Deeken, Fields, Gardner,
       Glass, Kloeppinger, Kratky, Krewson, Levinson, Unknown
       Supervisor, and Unknown Manager, referred to as "Defendants"
       in Paragraphs 123-30.

123.   Plaintiff was incarcerated for 15 days after the criminal charge
       against her was dismissed.

124.   Plaintiff had already been incarcerated for 196 days when her
       criminal charge was dismissed.

125.   Defendants knew or should have known that Plaintiff was

wrongfully imprisoned.

126. Defendants failed to release Plaintiff from her imprisonment when her charge was dismissed.

127. Defendants had no legal justification to confine Plaintiff after her charge was dismissed.

128. Defendants' conduct was outrageous because of their evil motive or reckless indifference to the rights of others.

129. In addition to wrongfully depriving Plaintiff of her freedom, Defendants caused Plaintiff physical harm.

130. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT V: FAILURE TO ESTABLISH POLICIES TO ENSURE CITIZENS WOULD NOT BE WRONGFULLY IMPRISONED UNDER 42 U.S.C. § 1983

131. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

132. Count V applies to all Defendants named in this Complaint.

133.  Plaintiff was incarcerated for 15 days after the criminal charge against her was dismissed.

134.  Plaintiff had already been incarcerated for 196 days when her criminal charge was dismissed.

135.  Defendants failed to release Plaintiff from her imprisonment when her charge was dismissed.

136.  Defendants acted under color of state law.

137.  Defendants failed to use their authority to establish policies to ensure that Plaintiff and other similarly situated innocent citizens would be released from imprisonment when criminal charges were dismissed, and to ensure that people who have served their sentences are immediately released from imprisonment.

138.  Defendants' failure to establish effective policies caused the violation of Plaintiff's civil rights, as detailed in Counts I and II above.

139.  Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

140.  In addition to wrongfully depriving Plaintiff of her freedom, Defendants caused Plaintiff physical harm.

141.  Defendants also caused Plaintiff severe emotional distress.

19

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT VI: FAILURE TO TRAIN STAFF TO ENSURE CITIZENS WOULD NOT BE WRONGFULLY IMPRISONED UNDER 42 U.S.C. § 1983

142.  Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

143.  Count VI applies to all Defendants named in this Complaint.

144.  Plaintiff was incarcerated for 15 days after the criminal charge against her was dismissed.

145.  Plaintiff had already been incarcerated for 196 days when her criminal charge was dismissed.

146.  Defendants failed to release Plaintiff from her imprisonment when her charge was dismissed.

147.  Defendants acted under color of state law.

148.  Defendants failed to use their authority to properly train staff members to ensure that Plaintiff and other similarly situated innocent citizens would be released from imprisonment when

criminal charges were dismissed, and to ensure that people who have served their sentences are immediately released from imprisonment.

149. Defendants' failure to properly train other staff members caused the violation of Plaintiff's civil rights, as detailed in Counts I and II above.

150. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

151. In addition to wrongfully depriving Plaintiff of her freedom, Defendants caused Plaintiff physical harm.

152. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT VII: ESTABLISHMENT OF A PATTERN OR PRACTICE WHEREBY CITIZENS ARE WRONGFULLY IMPRISONED UNDER 42 U.S.C. § 1983

153. Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

154.   Count VII applies to all Defendants.

155.   Plaintiff was incarcerated for 15 days after the criminal charge against her was dismissed.

156.   Plaintiff had already been incarcerated for 196 days when her criminal charge was dismissed.

157.   Defendants failed to release Plaintiff from her imprisonment when her charge was dismissed.

158.   Defendants acted under color of state law.

159.   Defendants, using their authority, have established a pattern or practice whereby Plaintiff and other similarly situated innocent citizens are kept imprisoned even when criminal charges are dismissed, and whereby people who have served their sentences are kept imprisoned.

160.   Defendants' establishment of this pattern or practice caused the violation of Plaintiff's civil rights, as detailed in Counts I and II above.

161.   Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

162.   In addition to wrongfully depriving Plaintiff of her freedom, Defendants caused Plaintiff physical harm.

163.   Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT VIII: FAILURE TO ESTABLISH POLICIES TO ENSURE PRE-TRIAL DETAINEES WOULD NOT BE SUBJECTED TO UNSANITARY CONDITIONS AND PUNISHED UNDER 42 U.S.C. § 1983

164.   Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

165.   Count VIII applies to all Defendants named in this Complaint.

166.   Plaintiff was incarcerated for 15 days after the criminal charge against her was dismissed.

167.   Plaintiff had already been incarcerated for 196 days when her criminal charge was dismissed.

168.   During her incarceration at the St. Louis Medium Security Institution, Defendants subjected Plaintiff to mold and large bug infestations, medical quarantines, verbal abuse, and improper medical treatment.

169.   Defendants acted under color of state law.

170.   Defendants failed to use their authority to establish policies to

ensure that Plaintiff and other similarly situated pre-trial detainees would not be subjected to unsanitary conditions and punishment.

171.  Defendants' failure to establish effective policies caused the violation of Plaintiff's civil rights, as detailed in Count III above.

172.  Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

173.  In addition to wrongfully depriving Plaintiff of her freedom, Defendants caused Plaintiff physical harm.

174.  Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT IX: FAILURE TO TRAIN STAFF TO ENSURE PRE-TRIAL DETAINEES WOULD NOT BE SUBJECTED TO UNSANITARY CONDITIONS AND PUNISHED UNDER 42 U.S.C. § 1983

175.  Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

176.  Count IX applies to all Defendants named in this Complaint.

177.  Plaintiff was incarcerated for 15 days after the criminal charge against her was dismissed.

178.  Plaintiff had already been incarcerated for 196 days when her criminal charge was dismissed.

179.  During her incarceration at the St. Louis Medium Security Institution, Defendants subjected Plaintiff to mold and large bug infestations, medical quarantines, verbal abuse, and improper medical treatment.

180.  Defendants acted under color of state law.

181.  Defendants failed to use their authority to properly train staff members to ensure that Plaintiff and other similarly situated pre-trial detainees would not be subjected to unsanitary conditions and punishment.

182.  Defendants' failure to properly train other staff members caused the violation of Plaintiff's civil rights, as detailed in Count III above.

183.  Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

184.  In addition to wrongfully depriving Plaintiff of her freedom, Defendants caused Plaintiff physical harm.

185.  Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

## COUNT X: ESTABLISHMENT OF A PATTERN OR PRACTICE WHEREBY PRE-TRIAL DETAINEES ARE SUBJECTED TO UNSANITARY CONDITIONS AND PUNISHED UNDER 42 U.S.C. § 1983

186.  Plaintiff incorporates by reference the preceding Paragraphs of this Complaint as if fully set forth herein.

187.  Count X applies to all Defendants.

188.  Plaintiff was incarcerated for 15 days after the criminal charge against her was dismissed.

189.  Plaintiff had already been incarcerated for 196 days when her criminal charge was dismissed.

190.  During her incarceration at the St. Louis Medium Security Institution, Defendants subjected Plaintiff to mold and large bug infestations, medical quarantines, verbal abuse, and improper medical treatment.

191.  Defendants acted under color of state law.

192. Defendants, using their authority, have established a pattern or practice whereby Plaintiff and other similarly situated pre-trial detainees are subjected to unsanitary conditions and punishment.

193. Defendants' establishment of this pattern or practice caused the violation of Plaintiff's civil rights, as detailed in Count III above.

194. Defendants acted with malicious, intentional, or reckless and callous disregard for Plaintiff's civil rights.

195. In addition to wrongfully depriving Plaintiff of her freedom, Defendants caused Plaintiff physical harm.

196. Defendants also caused Plaintiff severe emotional distress.

Wherefore, Plaintiff prays judgment against Defendants in an amount that is fair and reasonable, including compensatory damages, punitive damages to deter Defendants from acting similarly in the future, attorney's fees and costs, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

_/s/ Elad Gross_
Elad Gross #67125MO
Attorney at Law
5653 Southwest Ave.
St. Louis, MO 63139
Phone:  (314) 753-9033
Email: Elad.J.Gross@gmail.com
_Attorney for Plaintiff_

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of September, 2017, the foregoing was filed electronically with the Clerk of the Court to be served upon all parties by operation of the Court's electronic filing system.


<u>*/s/ Elad Gross*</u>
Elad Gross
Attorney at Law