IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DESTINY PAYNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-01769-AGF |
| | ) | |
| CITY OF SAINT LOUIS, MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

This matter, brought under 42 U.S.C. § 1983 and Missouri common law for false imprisonment, is before the Court on Plaintiff Destiny Payne's motion (ECF No. 48) to compel Defendants to respond to her requests for production. The Court heard oral argument on the motion on May 23, 2018. For the reasons set forth below and more fully discussed at oral argument, the motion will be granted in part and denied in part.

# BACKGROUND

Plaintiff's claims arise out of her detention at the St. Louis City Medium Security Institution ("MSI") for 15 days after criminal charges against her were dismissed on May 11, 2017, and out of the alleged unsanitary conditions of her confinement, which lasted for seven months in total (from October 26, 2016 to May 26, 2017). She asserts constitutional claims against various city officials, in their individual capacities, as well as municipal liability claims against the City of St. Louis (the "City").

The parties' current discovery dispute is over five requests for production (Requests No. 13-17) to which Defendants have objected. Defendants also objected to a sixth request (Request No. 19—regarding prior complaints about conditions of confinement), but have withdrawn their objection in response to Plaintiff's motion.

> Request No. 13: a list of all dismissals of charges filed by the St. Louis Circuit Attorney's Office since 2013, including: the names and contact information of the individuals whose charges were dismissed, the case numbers associated with the dismissals, and the names and contact information of the prosecuting attorneys involved in the cases.
>
> Request No. 14: list of all inmates kept in the St. Louis Medium Security Institution or the St. Louis City Justice Center since 2013 who completed their sentences, had their charges dismissed, or were acquitted of charges, including the names and contact information of inmates, the dates when they first entered the St. Louis Medium Security Institution or the St. Louis City Justice Center, the dates when they were released from the St. Louis Medium Security Institution or the St. Louis City Justice Center, and any dates when they were transferred from one jail to another.
>
> Request No. 15: any communications between the St. Louis City Sheriff's Office and the St. Louis Circuit Attorney's Office regarding delivery or communication of charges being dismissed by the St. Louis Circuit Attorney's Office since 2013.
>
> Request No. 16: any records showing that the St. Louis Circuit Attorney's Office delivered or failed to deliver communications of charges being dismissed to the St. Louis City Sheriff's Office and/or the 22nd Judicial Circuit Court since 2013.
>
> Request No. 17: any records of or communications between the St. Louis City Sheriff's Office, the St. Louis Circuit Attorney's Office, the St. Louis Medium Security Institution, the St. Louis City Justice Center, the St. Louis City Department of Public Safety, the St. Louis City Division of Corrections, the 22nd Judicial Circuit Court, any Defendants, and/or any of their staff regarding the delivery or failure to deliver communications of charges being dismissed and the requisite release of inmates in the custody of the City of St. Louis since 2013.

Plaintiff argues that the requests are relevant to Defendants' defense that Plaintiff's wrongful incarceration was merely an isolated instance of negligence, and are also relevant to Plaintiff's municipal liability claims, particularly her pattern-and-practice claim. Plaintiff contends that, based on the policies produced by the City, Assistant Circuit Attorneys are directed to email dismissals to a designated email address accessible by the Sheriff's Office, deliver the dismissals by hand to the Sheriff's Office, and write a note to the file. Plaintiff argues that the relevant emails are all sent to one account, so production of these documents would not be costly or time-consuming.

Plaintiff argues that she seeks documents going back to 2013 (five years prior to the dismissal of her own charges) because she "has discovered evidence of a meeting that took place involving City officials in 2014 after an inmate was wrongfully detained for several months starting in 2013." ECF No. 49 at 7. Plaintiff seeks an order compelling production of the requested documents within 14 days, and for her attorneys' fees and costs, particularly in light of Defendants now-withdrawn objection to Request No. 19.

At oral argument, defense counsel confirmed that Defendants possess no lists of the type requested in Request Nos. 13 and 14. Defense counsel also stated that Defendants do not log or maintain any information regarding people they have found to have been improperly detained for too long.

In response to defense counsel's assertions, Plaintiff argued that Defendants should at least be required to produce the daily rosters of people held in the custody of the City since 2013, as well as the communications and documents responsive to Request Nos. 15-17 regarding dismissals, so that Plaintiff's counsel may compare the documents

3

and determine the number of people who remained incarcerated after their charges were dismissed. Plaintiff's counsel recognized that such a list would be over-inclusive for the purpose of Plaintiff's constitutional claim, as it might include people lawfully detained for other reasons, such as other charges or warrants.

Defendants argue that Plaintiff should not be permitted to conduct "an informal 'audit' of the City's jails, cross checking the dismissals filed by the Circuit Attorney's Office against the City's jail records to determine if any other persons, besides her, have remained confined after charges against them were dismissed." ECF No. 54 at 3. Defendants argue that the information sought, dating back five years, includes "many thousands" of prisoners so would be unduly burdensome. For example, Defendants state that, since the creation of the "nolle" email account in the Circuit Attorney's Office in 2014, regarding dismissed charges, there have been more than 4,000 emails sent from such an account.

Defendants also reiterate that the information requested is irrelevant because it would not show that other individuals have been *wrongfully* confined—for example, individuals may have been confined after charges were dropped if they had outstanding warrants in other jurisdictions or were re-charged.

## **DISCUSSION**

Upon careful consideration of the parties' arguments in light of the proportionality concerns set forth in Federal Rule of Civil Procedure 26, the Court will grant in part and deny in part Plaintiff's motion. Information regarding other individuals wrongfully detained for too long by the City is undoubtedly relevant to Plaintiff's claims, particularly

4

with respect to her municipal liability claims.  And because Defendants do not track this information, it is appropriate and not unduly burdensome to require Defendants to produce the documents that would enable Plaintiff to attempt to do so.  However, in light of Defendants' assertion that no lists responsive to Requests Nos. 13 and 14 exist, the Court will only require Defendants to produce the daily rosters discussed at oral argument, along with documents responsive to Requests Nos. 15-17, including the email notices sent to the Sheriff's office of dismissed charges, and documents responsive to Request No. 19 to extent such documents have not already been produced.

As the Court cautioned Plaintiff at oral argument, compelling production of the documents described above does not necessarily compel Defendants to conduct any further investigation into the circumstances of individuals who, according to Plaintiff's audit, remained incarcerated after their charges were dismissed.  Although such investigation may well be required to demonstrate that any particular individual was wrongfully detained, the question of who bears the burden to conduct the investigation will depend on many factors, including the number of individuals at issue.

To the extent that there are confidentiality concerns regarding the production of documents described above, the parties may attempt to agree on the terms of a protective order.  Further, if appropriate, the parties may meet and confer to discuss whether any amendment to the current Case Management Order is warranted.  Finally, the Court will deny Plaintiff's request for attorneys' fees and costs upon finding that such an award is not appropriate under the circumstances of this case.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to compel is **GRANTED in part and DENIED in part**, as set forth above.  ECF No. 48.  Defendants shall produce the documents described above no later than **21 days** from the date of this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of May, 2018.